United States District Court
Southern District of Texas
**ENTERED**
October 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|     Plaintiff/Respondent, § | |
| § | |
| V. § | CR. No. 2:10-264-1 |
| § | |
| JOSE ERLINDO PEREZ MEDRANO, JR., § | |
|     Defendant/Movant. § | |

## **ORDER**

Jose Erlindo Perez Medrano, Jr., filed two motions for sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing Guidelines Manual. D.E. 48, 51. Because Medrano is not eligible for a reduction pursuant to Amendment 782, his motions are denied.

Medrano pleaded guilty to possession with intent to distribute 707.44 kilograms of marijuana and was sentenced in 2010 to 200 months imprisonment. D.E. 24. Medrano's base offense level was calculated based upon the drug quantity to be a level 30. D.E. 19, ¶ 12. He also qualified as a career offender which increased his base offense level to 34, before credit for acceptance of responsibility. *Id.*, ¶ 20. His actual criminal history points totaled 19 which resulted in application of criminal history category VI. *Id.*, ¶¶ 24-39. Medrano's guideline sentencing range was 188 to 235 months. *Id.*, ¶ 63.

At sentencing, the Court adopted the PSR as written and sentenced Medrano within the guideline range. D.E. 25. *Id*.

Amendment 782 revised the Drug Quantity Tables and made the change retroactive effective November 1, 2014. "A defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. §3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010).

Because Medrano's sentence resulted from his career offender status, not the drug quantity, Amendment 782 did not change his guideline range. Medrano is not eligible for a sentence reduction pursuant to Amendment 782. *See* U.S.S.G. § 1B1.10(a)(2).

The Court denies Medrano's motion (D.E. 48, 51) for sentence reduction. Medrano also filed an application to proceed *in forma pauperis*. D.E. 49. The motion (D.E. 49) is DENIED as unnecessary.

ORDERED this 6th of October, 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE