United States District Court
Southern District of Texas
**ENTERED**
September 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 2:10-cr-00264 |
| | § | |
| JOSE ERLINDO PEREZ MEDRANO, JR. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Jose Erlindo Perez Medrano, Jr.'s COVID-19 Petition Program Statement 5050.50 Compassionate Release / Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)" (Dkt. No. 53), to which the Government has responded (Dkt. No. 54). After reviewing the Motion, the Response, the record and the applicable law, the Court is of the opinion that it should be **DENIED**.

### I. BACKGROUND

In 2010, Defendant pled guilty to possession with intent to distribute 707.44 kilograms of marijuana. He was sentenced as a career offender under U.S.S.G. § 4B1.1 because the offense was a drug trafficking offense and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. As detailed in the Presentence Investigation Report (Dkt. No. 19), Defendant's scored criminal history included convictions for possession with intent to distribute 230 kilograms of marijuana, aggravated sexual assault of a child younger than 14 years of age, assault, tampering with government records, theft from a person, attempted sexual assault, and driving under the influence. Defendant's unscored criminal history included convictions for unlawfully carrying a weapon, aggravated assault, assault, aggravated assault on a peace officer, and failure to identify.

Defendant has served 126 months (63%) of his 200-month sentence and has a projected release date, after good time credit, of May 25, 2024. Citing 18 U.S.C. § 3582(c), he now moves

the Court to reduce his sentence to time served and/or order his release to home confinement due to his serious medical condition of "debilitating esophagus."[1] Defendant submitted a request for compassionate release to the warden of FCI Petersburg on July 1, 2020, which was denied.

The Government opposes compassionate release on the grounds that (1) Defendant provides no evidence that he suffers from a medical condition that would qualify him for release under 18 U.S.C. § 3582, (2) he has made no showing of any effort to exhaust his administrative remedies; and (3) he is a career criminal with a track record of violent crimes, whose release would endanger the community.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under a limited number of circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > > (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] Although the title of Defendant's motion references COVID-19, he does not allege that his medical condition makes him particularly vulnerable to COVID-19 or otherwise mention the current COVID-19 pandemic.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

> **(A) Medical Condition of the Defendant.—**
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(B) Age of the Defendant. –**
>
> The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> **(D) Other Reasons. —**
>
> As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)-(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

Defendant moves the Court for compassionate release due to his serious medical condition of "debilitating esophagus." He states that his "Beta nerve was cut" during an esophageal hernia operation in December 2016, and, as a result, his esophagus "does not work anymore." (Dkt. No. 53 at 3). Defendant claims the facility medical director told him that "there is no fix. I am ruined for life." (*Id.* at 4). In support of his motion, Defendant has offered records detailing a number of medical procedures he underwent on his esophagus and back between 2016 and 2018. (Dkt. No. 53-3). His only recent medical record, dated March 6, 2020, indicates that he has "severe degenerative disc disease of lumber spine." (*Id.* at 14). It does not mention his esophagus.

On July 9, 2020, the Warden of FCC Petersburg denied Defendant's administrative request for compassionate release, explaining:

> Although you do have medical issues, they are being well managed at this point and are not causing a life-threatening medical problem. You are stable, compliant with you medications and can perform all Activities of Daily Living (ADL) independently. Your medical issues do not diminish your ability to function in a correctional setting.

(Dkt. No. 53-2 at 1 (citing BOP Program Statement 5050.50, *Compassionate Release/ Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*)).[2]

---

[2] Program Statement 5050.50 provides that the BOP may consider compassionate release if an inmate is completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair, or the inmate is capable of only limited self-care and confined to a bed or chair for more than 50% of waking hours. *See* https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

Even if Defendant's "debilitating esophagus" were considered a qualifying medical condition under U.S.S.G. § 1B1.13(1)(A), the Court finds a sentence reduction is not warranted because Defendant would be a danger to the safety of the community if released. Defendant was sentenced as a career offender based on his lifelong history of serious and violent crimes. As Judge Hayden Head recognized at sentencing:

> I have written down, as I read your Presentence Report, some words that I thought summarized some serious matters in your case, and those included the words "horrible record," "violence," "sexual abuse."
>
> ***
>
> This is the second drug trafficking event. You've had two sexual assault type violations, and assaultive behaviors. So looking back on your life, you have accomplished a lot of bad things.

(Dkt. No. 34 at 18–19).

The Court further finds that the § 3553(a) factors as considered in the specific context of the facts of Defendant's case do not warrant a reduction in his sentence. Specifically, releasing Defendant more than six years early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

## IV. CONCLUSION

For the foregoing reasons, Defendant's "COVID-19 Petition Program Statement 5050.50 Compassionate Release / Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)" (Dkt. No. 53) is **DENIED**.

Signed this 31st of August, 2020.

                                                                           _____
                                                                             **DREW B. TIPTON**
                                                                **UNITED STATES DISTRICT JUDGE**